UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------
UNITED STATES OF AMERICA,

v.                                                                   07-CR-234

                                                                     1:07 CR 545 (TJM)

BRUNO SCHUSCHNY,
                               Respondant.
----------------------------------

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Defendant moves pursuant to 28 U.S.C. § 2255 seeking to modify his sentence. Defendant requests that the Court: (1) re-sentence him to a two month prison term to credit him for time served while in New York State custody; and (2) order the Bureau of Prisons (BOP) to award good time credit based upon a fifteen month sentence. The Government responds that (1) the Court does not have authority to re-sentence; (2) through his plea agreement, Defendant waived his right to raise this issue; (3) federal officials were not responsible for Defendant's incarceration from April 25, 2008 to August 1, 2008; (4) Defendant's motion for good-time credit was not filed in the proper jurisdiction; (5) Defendant failed to exhaust the administrative remedies available under 28 C.F.R. §§ 542.10-19; (6) the BOP cannot designate a New York State prison, nunc pro tunc, as a federal prison for the purpose of crediting good time for the 13 months he was incarcerated in that institution; and (7) Defendant's good time credit should be calculated based only on the 5 month sentence that was actually imposed.

**Motion for Re-Sentencing**

The circumstances under which a sentence may be modified are set forth in 18 U.S.C.§ 3582(c). That section provides as follows:

(c) Modification of an imposed term of imprisonment.

The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction

is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

None of the bases set forth in § 3582(c) apply to Defendant - (1) there has been no motion by the Director of the Bureau of Prisons; (2) Rule 35 is inapplicable in the instant case; and (3) Defendant fails to identify a statutory basis for a reduction or an applicable reduction of the sentencing range by the Sentencing Commission. Accordingly, the Court lacks authority to modify Defendant's sentence, see <u>United States v. Thomas</u>, 135 F.3d 873, 875 (2d Cir. 1998), and his motion for re-sentencing is, therefore, DENIED.

## Good Time Credit

Defendant next requests that the Court direct the BOP to provide him with good time credit. Defendant may not challenge the calculation of good time credits in this Court unless he has first exhausted his administrative remedies or demonstrated a basis upon which the exhaustion requirement may be excused. See <u>Vargas-Crispin v. Zenk</u>, 376 F. Supp.2d 301, 303 (E.D.N.Y. 2005). Defendant presents no evidence that he exhausted his administrative remedies before pursuing the instant action or that utilizing the internal procedures would be futile. In any event, contrary to Defendant's contention, pursuant to U.S.S.G. § 5G1.3(b)(1), he was sentenced to a term of 5 months; not 15 months. Accordingly, Defendant's motion with respect to good time credit is DENIED.

For the foregoing reasons, Defendant's motion for re-sentencing and for good time credit is DENIED.

IT IS SO ORDERED.

Dated: November 19, 2008

Thomas J. McAvoy
Senior, U.S. District Judge